IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LISA McKINLEY TULLIS, #280307, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CASE NO. 2:14-CV-703-WKW |
| | ) | [WO] |
| v. | ) | |
| | ) | |
| CIRCUIT COURT OF HOUSTON | ) | |
| COUNTY, ALABAMA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On June 16, 2014, the petitioner, Lisa McKinley Tullis, an Alabama inmate incarcerated at the Tutwiler Prison for Women, filed this civil action in the United States District Court for the Northern District of Georgia.  Tullis claims that the Circuit Court of Houston County, Alabama has repeatedly denied her motions for a copy of the grand jury transcript which she alleges would establish that the State's witnesses at her trial for attempted murder committed perjury.[1]  Tullis also seeks assistance from the court in

---

[1] In a habeas petition before this court, Tullis challenges a 2011 conviction for attempted murder imposed upon her by the Circuit Court of Houston County, Alabama.  *Tullis v. Barrett, et al.*, Case No. 1:13-CV-858-WHA-SRW.  It is the state proceedings surrounding this conviction from which the current claims arise.  A thorough review of the docket in the habeas action demonstrates that the action is pending on the petition filed by Tullis, the answer of the respondents and Tullis' response to the respondents' answer.  Although in the present case Tullis alleges that the State has not yet filed a response to her habeas petition, this allegation is refuted by the record of the habeas action, including several documents filed by Tullis.  In various pleadings filed in that case, Tullis acknowledges receipt of the respondents' answer and presents arguments in opposition to those set forth by the respondents in their answer.  It is therefore clear that not only did the State file a response to the habease petition but Tullis also received a copy of this response and filed a response to the pleading.

"obtain[ing] a effective counsel to work for [her] under a contingency basis" in a lawsuit she has "prepared to sue the judicial system of ... Houston County." *Doc. No. 1* at 1. Based on the claims raised and action sought by Tullis, the United States District Court for the Northern District of Georgia construed the instant action as a petition for writ of mandamus and transferred the case to this court for disposition. *Doc. No. 2* at 1.

## II. DISCUSSION

Tullis seeks mandamus relief compelling the Circuit Court of Houston County, Alabama to provide her with grand jury records relevant to her 2011 attempted murder conviction. Tullis also requests assistance from this court in obtaining counsel to represent her in a civil action she seeks to file against the state judicial system of Houston County, Alabama. The mandamus petition could also be construed to seek relief from orders of this court in *Tullis v. Barrett, et al.*, Case No. 1:13-CV-858-WHA-SRW denying her motions for production of the grand jury transcript and for appointment of counsel.

The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where none exists." *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.* While the law is well settled that

federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state courts and/or state officials in the performance of their duties where mandamus is the relief sought.  *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

> The Supreme Court has explained that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *accord Cheney v. U.S. Dist. Court,* 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). "[T]he writ has traditionally been used in the federal courts only ... to compel it to exercise its authority when it is its duty to do so."  *Kerr,* 426 U.S. at 402, 96 S.Ct. 2119 (quotation marks omitted).... Issuance of the writ is largely a matter of discretion with the court to which the petition is addressed.  *See Schlagenhauf v. Holder,* 379 U.S. 104, 112 n. 8, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

*In re Amy Unknown*, 701 F.3d 749, 757 (5th Cir. 2012).  Additionally, this court may grant Tullis' "requested mandamus only if (1) she has no other adequate means to attain the desired relief; (2) she has demonstrated a clear and indisputable right to the issuance of a writ; and (3) in the exercise of  ... discretion, [the court is] satisfied that the writ is appropriate."  *Id*. at 759.

It is clear from the foregoing that this court has no mandamus jurisdiction over the Circuit Court of Houston County, Alabama and, hence, lacks authority to grant the relief

3

Tullis requests from that court or to provide relief which could aid her in litigating any potential civil action she may file against the state court system.  Moreover, to the extent the petition seeks relief for actions taken by this court in Tullis' pending habeas action, Tullis has failed to demonstrate each of the elements necessary for granting mandamus relief. Specifically, Tullis has not demonstrated an undisputed right to mandamus relief nor is the court satisfied that issuance of such relief is appropriate.  Tullis has therefore not presented extraordinary circumstances which justify the drastic remedy of mandamus.  In light of the foregoing, the court concludes that the claims presented by Tullis do not warrant mandamus relief.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for writ of mandamus be DENIED.

2. This case be DISMISSED with prejudice.

It is further

 ORDERED that **on or before August 14, 2014**, the parties may file objections to this Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31th day of July, 2014.


　　　　　　　　　　/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE